IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PINES BACH LLP,

          Plaintiff,

       v.

Michael A. Mills,

          Defendant.

Case No.: 3:22-CV-66-JDP

---

## REPLY TO COUNTERCLAIM

---

Plaintiff, Pines Bach LLP, by its attorneys on the defense of the counterclaims, von Briesen & Roper, s.c., responds to the counterclaims as follows:

1.    Answering paragraphs 1, 2 and 3, denies the truth of the allegations contained therein.

2.    Answering paragraph 4, admits that Pines Bach declined arbitration; further answering said paragraph, denies that Pines Bach ran to the courthouse; further answering said paragraph, admits that with that, with the inclusion of interest, the amount owed by defendant to Pines Bach is almost double $60,000, but affirmatively alleges that by contract Pines Bach is entitled to recovery of 12% annual interest.

3.    Answering paragraph 5, denies the truth of the allegations contained therein.

4.    Answering paragraphs 6, 7 and 8, admits the truth of the allegations contained therein.

5.      Answering paragraph 9, denies any knowledge or information sufficient to form a belief as to the truth of the allegation that Boumatic pursued "a similar rush-to-the-courthouse scenario," and therefore denies all such allegations.

6.      Answering paragraphs 10 and 11, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

7.      Answering paragraph 12, admits the truth of the allegations contained therein.

8.      Answering paragraph 13, admits that defendant sought representation from Pines Bach, initially as local counsel, and thereafter on a broader basis; further answering said paragraph, denies the truth of the remaining allegations and affirmatively alleges that the terms of the representation are those specifically agreed upon in the engagement entered into between Pines Bach and defendant.

9.      Answering paragraph 14, admits that the case was voluntarily dismissed by the plaintiff in that action in October 2019; further answering said paragraph, denies any implied allegation that the voluntary dismissal was caused by guidance from defendant followed by Pines Bach.

10.      Answering paragraph 15, denies on information and belief that truth of the allegations contained therein.

11.      Answering paragraph 16, admits that at certain times during the litigation defendant indicated to Pines Bach that depositions of certain individuals on the merits would lead to a disposition of the case; further answering said paragraph, denies the truth of the remaining allegations contained therein.

12.      Answering paragraph 17, denies the truth of the allegations contained therein.

2

13.     Answering paragraph 18, denies any knowledge or information sufficient to form belief as to the truth of the allegations concerning the alleged experience of defendant or of his knowledge of the innerworkings of Boumatic and therefore denies all such allegations; further answering said paragraph, denies the truth of the remaining allegations therein.

14.     Answering paragraph 19, admits that defendant requested or advised Pines Bach to depose certain individuals, but denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

15.     Answering paragraph 20, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

16.     Answering paragraph 21, admits that defendant informed Pines Bach of his view concerning the relevance and importance of a deposition of Mr. Stockwell, but denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

17.     Answering paragraph 22, admits that Mills shared the information about the alleged schemes of Stockwell, but denies any knowledge or information sufficient to form a belief as to the truth of that information or of the remaining allegations contained therein and therefore denies all such allegations.

18.     Answering paragraph 23, admits that Boumatic dismissed the case shortly after the deposition of Mr. Stockwell; further answering said paragraph, denies any knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies all such allegations.

19.     Answering paragraph 24, denies the truth of the allegations contained therein and affirmatively alleges that the deposition of Mr. Stockwell which defendant sought to have taken

by Pines Bach could not have been taken under the orders in effect in the case at any significantly earlier date than the date on which it was taken.

20.     Answering paragraph 25, denies the truth of the allegations contained therein.

21.     Answering paragraph 26, admits that the quote contained therein is contained in the decision referred to therein, but denies any other allegation contained or implied in that paragraph.

22.     Answering paragraph 27, 28 and 29 denies the truth of the allegations contained therein.

23.     Answering paragraph 30, denies that the allegations contained therein are accurate, meaningful, full, complete or relevant descriptions of duties of any lawyer or of any failure by any lawyer relevant to this case.

24.     Answering paragraph 31, admits that the case was voluntarily dismissed; further answering said paragraph, denies the truth of the remaining allegations contained therein.

25.     Answering paragraphs 32 and 33, denies the truth of the allegations contained therein.

26.     Answering paragraph 34, alleges that many of the allegations of that paragraph are allegations of law as to which no answer is required; further answering said paragraph, in the event that and if any such answer is required, denies that Pines Bach violated any relevant rule of professional conduct; further answering said paragraph, denies that the allegations of that paragraph fairly, accurately or completely describe any duties owed under the Supreme Court Rules.

27.     Answering paragraphs 35, 36, 37, 38, 39, 40 and 41, denies the truth of the allegations contained therein.

28.     Answering paragraph 42, admits that on certain occasions defendant advised Pines that taking the depositions of certain individuals in his view would be advantageous to defendant with regard to the merits of the case; further answering said paragraph, admits that the case was dismissed on October 30, 2019; further answering said paragraph, denies the truth of the remaining allegations contained therein.

29.     Answering paragraphs 43 and 44, denies the truth of the allegations contained therein.

30.     Answering paragraph 45, admits that on some occasions defendant advised Pines Bach of depositions defendant believed should be undertaken; further answering said paragraph, denies the truth of the allegations contained in the last sentence of that paragraph; further answering said paragraph, denies on information and belief the truth of the remaining allegations contained therein.

31.     Answering paragraph 46, denies the truth of the allegations contained therein.

32.     Answering paragraph 47, admits that at a point in time Pines offered to have the firm reduce the bill for services to $60,000 in exchange for a prompt and full payment of that amount; further answering said paragraph, admits that defendant accepted that offer and agreed to promptly pay that full amount, but affirmatively alleges that defendant failed to pay any portion of the agreed upon amount; further answering said paragraph, denies the truth of the remaining allegations contained therein.

33.     Answering paragraph 48, admits that Pines Bach filed the complaint in this action and that Pines Bach alleged at the time of the filing of the complaint that it was owed the amounts set forth therein; further answering said paragraph, denies the truth of the remaining allegations contained therein.

34.     Answering paragraph 49, admits that interest will continue to accrue so long as defendant fails to pay the amounts due and owing by it to Pines Bach; further answering said paragraph, denies the truth of the remaining allegations contained therein.

35.     Answering paragraph 50, admits that $120,000 is approximately twice the amount that defendant agreed to pay in response to the settlement offer made by Pines, but denies the truth of the remaining allegations contained therein.

36.     Answering paragraphs 51 and 52, admits that truth of the allegations contained there.

37.     Answering paragraph 53, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

38.     Answering paragraph 54, admits that the complaint in that case was amended; further answering said paragraph, denies the truth of the remaining allegations contained therein.

39.     Answering paragraph 55, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

40.     Answering paragraphs 56 and 57, admits generally the truth of the allegations contained therein.

41.     Answering paragraphs 58, 59 and 60, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

42.     Answering paragraphs 61, 62, 63 and 64, denies the truth of the allegations contained therein.

43.     Answering paragraph 65, realleges and incorporates herein by reference as it fully set forth the admissions, denials and allegations contained within the preceding paragraphs of this reply.

44.     Answering paragraphs 66, 67, 68, 69, 71, 72, 73, 74, 75, 76, 77 and 78, affirmatively alleges that all of those paragraphs contain only allegations of law as to which no answer is required; to the extent that an answer is required, denies that those paragraphs fairly, adequately or accurately set forth the principles of law referred to therein and therefore denies all such allegations to that extent.

45.     Answering paragraph 79 and 80, denies the truth of the allegations contained therein.

46.     Answering paragraph 81, admits that Pines Bach offered through Mr. Pines to compromise the bill in exchange for a payment of $60,000 in cash and that defendant agreed to that compromise and to pay that amount, but denies the truth of the remaining allegations contained therein and affirmatively alleges that defendant failed to perform on the agreement by paying the $60,000 owed and that failure relieves the Pines Bach from any obligations under the agreement.

47.     Answering paragraph 82, admits that the amounts sought by Pines Bach in this lawsuit are approximately two times $60,000.

48.     Answering paragraph 83, denies the truth of the allegations contained therein.

49.     Answering paragraph 84, admits that defendant seeks the recoveries and remedies referred to therein but affirm to alleges that no basis exists for defendant to obtain any such remedy or any such recovery.

50.     Answering paragraph 85, realleges and incorporates herein by reference as it fully set forth the admissions, denials and allegations contained in the preceding paragraphs of this reply.

51.     Answering paragraphs 86 and 87, alleges that the allegations contained therein are allegations of law as to which no answer is required; to the extent that an answer is required, Pines Bach admits generally the truth of the allegations contained therein.

52.     Answering paragraphs 88, 89 and 90, denies the truth of the allegations contained therein.

53.     Answering paragraph 91, denies that any unfair or deceptive misrepresentation of material facts was made by Pines Bach; further answering said paragraph, denies on information and belief the truth of the remaining allegations contained therein.

54.     Answering paragraph 92, admits generally the truth of the allegations contained therein.

55.     Answering paragraph 93, denies the truth of the allegations contained therein.

56.     Answering paragraph 94, admits that defendant made certain payments to Pines Bach, but affirmatively realleges the payments made were in amounts well below the amounts due and owing to Pines Bach from defendant.

57.     Answering paragraphs 95, 96, 97 and 98, denies the truth of the allegations contained therein.

58.     Answering paragraphs 99 and 100, admits, as set forth herein, that at a point, Pines Bach and defendant agreed to resolve the unpaid bill by payment in cash by defendant of $60,000 and affirmatively alleges that defendant breached that agreement and that Pines Bach is no longer

bound by it; further answering said paragraph, admits that the amount sought in this lawsuit is almost double $60,000.

59.     Answering paragraph 101, 102 and 103, denies the truth of the allegations contained therein.

60.     Answering paragraph 104, realleges and incorporates herein by reference as it fully set forth the admissions, denials and allegations contained in the preceding paragraphs of this reply.

61.     Answering paragraph 105, admits that the representations referred to therein were made expressly or impliedly by Pines Bach but denies that any such representations were false.

62.     Answering paragraph 106, denies the truth of the allegations contained therein.

63.     Answering paragraph 107, denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies all such allegations.

64.     Answering paragraph 108, denies the truth of the allegations contained therein.

65.     Answering paragraph 109, realleges and incorporates herein by reference as it fully set forth the admissions, denials and allegations contained in the preceding paragraphs of this reply.

66.     Answering paragraph 110, admits generally the truth of the allegations contained therein.

67.     Answering paragraphs 111, 112 and 113, denies the truth of the allegations contained therein.

68.     Answering paragraph 114, realleges and incorporates herein by reference as it fully set forth the admissions, denials and allegations contained in the preceding paragraphs of this reply.

69.     Answering paragraph 115, admits that Pines Bach proposed and defendant agreed to resolve the unpaid Pines Bach bill for an immediate cash payment of $60,000; further answering said paragraph, affirmatively alleges that defendant breached that agreement by failing to make the agreed upon payment and that Pines Bach therefore has no further obligation to perform on that agreement; further answering said paragraph, denies the truth of the remaining allegations contained therein.

70.     Answering paragraphs 116, 117 and 118, denies the truth of the allegations contained therein.

71.     Answering paragraph 119, realleges and incorporates herein by reference as it fully set forth the admissions, denials and allegations contained in the preceding paragraphs of this reply.

72.     Answering paragraph 120, admits that Pines Bach expressly or impliedly made each of the representations referred to therein; further answering said paragraph, denies that any such representations were untrue.

73.     Answering paragraphs 121 and 122, denies the truth of the allegations contained therein.

74.     Answering paragraph 123, realleges and incorporates herein by reference as it fully set forth the admissions, denials and allegations contained in the preceding paragraphs of this reply.

75.     Answering paragraph 124, admits that at certain points in time Pines Bach owed a fiduciary duty to defendant.

76.     Answering paragraphs 125, 126 and 127, denies that truth of the allegations contained therein.

77.     Answering paragraph 128, realleges and incorporates herein by reference as it fully set forth the admissions, denials and allegations contained in the preceding paragraphs of this reply.

78.     Answering paragraphs 129, 130, 131 and 132, denies the truth of the allegations contained therein.

79.     Answering paragraph 133, realleges and incorporates herein by reference as it fully set forth the admissions, denials and allegations contained in the preceding paragraphs of this reply.

80.     Answering paragraphs 134, 135, 136, 137 and 138, denies the truth of the allegations contained therein.

## AFFIRMATIVE DEFENSES

NOW COMES Pines Bach LLP, and as and for its first affirmative defense, alleges that some or all of the claims asserted in the counterclaim failed to state claims upon which relief may be granted.

As and for a further affirmative defense, alleges that the complaint fails to state a claim upon which relief may be granted in the form of punitive damages.

WHEREFORE, Pines Bach LLP demands judgment, in addition to that demanded in its previous pleadings, dismissing the counterclaims against it on their merits, together with its costs and disbursements herein.

Dated this 16th day of June, 2022.

By:   s/ **_Terry E. Johnson_**
Terry E. Johnson – SBN: 1016704
von Briesen & Roper, sc
Attorneys for Plaintiff on the defense of the counterclaims
411 E. Wisconsin Ave., Ste. 1000
Milwaukee, WI 53202
414-221-6605
terry.johnson@vonbriesen.com

38252799_1.DOCX