UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PINES BACH LLP,

    Plaintiff,

v.                                             Case No. 22-cv-66

MICHAEL A. MILLS,

    Defendant.

## DECLARATION OF LESTER A. PINES

I, Lester A. Pines, declare under penalty of perjury as follows:

1.     I am Senior Counsel to Plaintiff, Pines Bach LLP (hereinafter "Pines Bach").

2.     From January 1, 1984, until December 31, 2022, I was a partner in the firm.

3.     I am still associated with and am an active lawyer in the firm.

4.     As Senior Counsel, I receive compensation from Pines Bach for my work. However, I will not financially benefit if Pines Bach is successful in this case and recovers from the Defendant, Michael Mills (hereinafter "Mills"). Nor will I suffer any financial detriment if Pines Bach is unsuccessful.

5.     A true and correct copy of my current resume was submitted as an exhibit to my expert report filed in this case, Lester Pines Expert Report ("Expert Report"), Ex. A-Lester Pines CV: Dkt. 28-1.

6. I represented Mills and was the lead attorney from Pines Bach in the case entitled *Bou-Matic, LLC, et al v. Mills, Michael*, Western District of Wisconsin Case No. 19-CV-158 (hereinafter "the Bou-Matic case") for which Pines Bach is seeking to recover the amount of money that Mills owes it for the services the firm provided to him in defending that case pursuant to the Engagement Agreement he executed on April 11, 2019. (Expert Report, Ex. C-Engagement Agreement: Dkt. 28-3) (hereinafter "the Engagement Agreement"). I have personal knowledge of all claims and defenses made by the parties in the Bou-Matic case as well as knowledge of documents where reference is made in this declaration to documents filed in the Bou-Matic case.

7. In addition to the fees and interest that Pines Bach is seeking to recover in this lawsuit under the Engagement Agreement, it is also seeking to recover its costs and reasonable attorneys' fees for its defense of this matter, which Mills, under the provision of the Engagement Agreement at page 4 under the heading "Default," agreed to pay to Pines Bach if it instituted a "suit for amounts due" to it under the Engagement Agreement.

8. The Bou-Matic case was not a complex commercial case. Rather, it was a dispute about Mills' alleged misconduct that supposedly occurred while he was employed by Bou-Matic LLC (hereinafter "Bou-Matic").

9. Mills was not only represented by Pines Bach but was also represented by Adam Milasincic (hereinafter "Milasincic") and Steve Mitby (hereinafter "Mitby") of the Ahmad Zavitsanos Anaipakos Alavi Mensing law firm in Houston, Texas.

10. The strategy that was agreed upon by Mills with me, Mitby and Milasincic was to seek dismissal of the Bou-Matic case for lack of diversity jurisdiction, and a failure to state a claim under the federal Computer Fraud & Abuse Act (CAFA).

11. I fully discussed that strategy with Mills, and he agreed with and supported it.

12. In fact, when Mills initially engaged Pines Bach, a brief in support of a motion to dismiss had already been prepared by Milasincic, which I then highly edited and shared with Mills by email transmission (Expert Report, Ex. E-Transmittal Email & Brief in Support of Motion to Dismiss: Dkt. 28-5). Mills expressed no objection to it being filed.

13. Mills never made a complaint to me or to anyone else at Pines Bach when, together with Mills' Texas counsel, Milasincic and Mitby, we pursued the strategy of seeking dismissal for lack of diversity jurisdiction, lack of personal jurisdiction, and a failure to state a claim under the federal CAFA was being pursued.

14. In fact, Mills affirmed it by email on May 22, 2019:

> Lester: Steve and I just spoke and agree with you. Push back on the no jurisdiction and the computer fraud...

(Expert Report, Ex. D-Client Emails: Dkt. 28-4, p. 1)

15. Mills reiterated his understanding and affirmance of the strategy on June 18, 2019:

> They sued me in Wisconsin to get my claim dismissed and keep me out of Texas and now the Texas claim got dismissed and we have a good chance of dismissing their Wisconsin claim. We need to push on them in Wisconsin.

3

(Expert Report, Ex. D-Client Emails: Dkt. 28-4, p. 3)

16. In support of the motion to dismiss, Mills assisted Pines Bach in gathering evidence to support his claim that his citizenship and primary residence were in Texas, not Colorado, as had been alleged by Bou-Matic. (Bou-Matic case, 19-cv-158, Dkt. 12)

17. The Bou-Matic Plaintiffs sought leave to conduct *jurisdictional* discovery and an extension of time to respond to Mills' motion to dismiss until their *jurisdictional* discovery was completed. (Bou-Matic case, 19-cv-158, Dkt. 22). On Mills' behalf I did not oppose that motion, and Magistrate Crocker entered an order allowing such discovery. (Bou-Matic case, 19-cv-158, Dkt. 27)

18. However, prior to the Magistrate's order, the Bou-Matic Plaintiffs had served written discovery demands requesting information, in part, that went to their substantive claims, which was *non-jurisdictional* discovery. I had objected to those parts of their requests. In response, the Bou-Matic Plaintiffs filed a motion to compel responses. (Bou-Matic case, 19-cv-158, Dkts. 28, 29 and 30)

19. Mills did object or complain when I filed a motion for a protective order seeking a stay on non-jurisdictional discovery. (Bou-Matic case, 19-cv-158, Dkt. 31)

20. Nor did Mills ever insist that depositions about *non-jurisdictional* facts, be taken by Pines Bach while the we were pursuing the strategy of seeking dismissal of the Bou-Matic case for lack of diversity jurisdiction, lack of personal jurisdiction, and a failure to state a claim under the federal CAFA.

4

21. At a hearing on August 8, 2019, Magistrate Crocker denied the request to stay non-jurisdictional discovery, but directed the parties to meet and confer on new disclosure deadlines, taking into account the need to first complete the record on their jurisdictional dispute. (Bou-Matic case, 19-cv-158, Dkt. 38)

22. Following Magistrate Crocker's order, Mills did not insist that Pines Bach immediately commence non-jurisdictional discovery. In fact, on August 9, 2019, he emailed the following, in part:

> .... Lester correctly wants to wait and take depositions after my deposition is taken in Houston on Jurisdictional matters. Lester has made it clear that my deposition is limited to just Jurisdiction and nothing else even though we are not limited in the depositions of the others...

(Expert Report, Ex. D-Client Emails: Dkt. 28-4, p. 4)

23. Then on September 11, 2109, Mills sent me an email about non-jurisdictional emails which stated, in part:

> Lester: I want to push to get the depos done. .... The depos help us so we need to push...

(Expert Report, Ex. D-Client Emails: Dkt. 28-4, p. 5)

24. I complied with his request. Notices for the non-jurisdictional depositions that Mills wanted Pines Bach to conduct were sent out on September 23 and 24, 2019, for various witnesses to be deposed during the week of October 15, 2019.

25. Mills had communicated to me that in his opinion the scheduled depositions of David R. Stockwell and John R. DeMonte would put pressure on John Kotts, the principal of Bou-Matic, to dismiss the case.

26. In an attempt to avoid the depositions, Bou-Matic Plaintiffs waited until October 11, 2019, which was the Friday before the week depositions were scheduled, to move for a protective order to prohibit them from being conducted. (Bou-Matic case, 19-cv-158, Dkt. 54)

27. That motion had the effect of automatically postponing the depositions that were scheduled for the week of October 15, 2019.

28. Magistrate Crocker denied the motion for protective order (Bou-Matic case, 19-cv-158, Dkt. 64) and ultimately awarded Mills $3,000 in costs due to the Bou-Matic Plaintiffs' conduct. (Bou-Matic case, 19-cv-158, Dkt. 72).The depositions of Stockwell and DeMonte were completed October 28, 2019. (Declaration of Lisa Fox Ex. 1 – Deposition of David R. Stockwell; Ex. 2 – Deposition of Todd L. DeMonte)

29. On October 29, 2019, the Bou-Matic Plaintiffs filed a notice of voluntary dismissal of their claims. (Bou-Matic case, 19-cv-158, Dkt. 66) and the case was dismissed by the court on November 12, 2019 (Bou-Matic case, 19-cv-158, Dkt. 72).

30. During the course of the Bou-Matic case, there were no communications, either in writing or orally, from Mills to me through which Mills objected to any activity Pines Bach engaged in, any document it filed, any discovery it pursued on his behalf or the timing of the discovery in the Bou-Matic case.

31. As the lead attorney from Pines Bach in the Mills case and as a partner in Pines Bach at that time, I have personal knowledge of the attorney and paralegal time required to provide legal services to Mills. The attorney and paralegal time found on the Mills billing statements was compiled consistent with Pines Bach policy that the

6

time spent on providing services to clients are to be contemporaneously entered into an electronically maintained system that posts the time to an individual client's account. (Expert Report, Ex. B-Billing Statement: Dkt. 28-2).

32. During the Bou-Matic case, Mills never made any objection or complaint to me about any entry on any billing statement, or object, either orally or in writing, to any activity engaged in by Pines Bach on his behalf, any document that it filed, any discovery it pursued, or, in particular, the timing of the non-jurisdictional discovery depositions or the manner in which they were conducted.

33. I had numerous email communications with Mills about how to resolve his bill. In none of those email communications did Mills ever complain about the quality of services performed by Pines Bach. (Expert Report, Ex. F-Emails Regarding Payment: Dkt. 28-6)

34. In fact, the email correspondence between Mills and me about his failure to pay his outstanding balance to Pines Bach for its services in the Bou-Matic case show that he consistently said he was not paying it because he did not have the money to do so. (Expert Report, Ex. F-Emails Regarding Payment: Dkt. 28-6)

35. Because of the now dismissed counterclaims by Mills in this case in which he claimed that Pines Bach attorneys had been negligent and fraudulent during its representation of him, Pines Bach had to report those claims to its professional liability insurance carrier.

36. This declaration of seven pages before my signature is true and correct and based on my personal knowledge.

Dated this 7th day of June 2023.

Lester A. Pines