IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PINES BACH, LLP,

                Plaintiff,

    v.

MICHAEL A. MILLS,

                Defendant.

OPINION and ORDER

22-cv-66-jdp

Plaintiff Pines Bach, LLP represented defendant Michael Mills in a federal lawsuit filed against him by his former employer, Bou-Matic, LLC, and its principal, John Kotts. Pines Bach's work included moving for dismissal, filing briefs, opposing non-jurisdictional discovery, and deposing some of Bou-Matic's officers. The firm's efforts were successful: Bou-Matic voluntarily dismissed the case. But Mills has refused to pay his bill, which exceeds $96,000. So Pines Bach brought this civil collection action against Mills to recover its unpaid legal fees, along with interest and attorney fees.

The case is before the court on Pines Bach's motion for summary judgment. Dkt. 47. There's no dispute that Mills is in breach of the parties' contract. In opposition to summary judgment, Mills contends that Pines Bach committed its own breaches by providing "unprofessional" representation. But Mills hasn't disclosed any expert to support what is essentially a legal malpractice claim. All he offers is his own personal dissatisfaction with the legal services he received, which isn't enough. So the motion for summary judgment will be granted.

## BACKGROUND

The following facts are undisputed.

Mills was sued by Bou-Matic, LLC and associated parties in this court for alleged misconduct by Mills when he was working for Bou-Matic. *See Bou-Matic, LLC, et al. v. Mills,* 19-cv-158. Bou-Matic alleged that this court had diversity jurisdiction, even though Mills and some of the plaintiffs were citizens of Texas. Mills, who was represented by Houston lawyers Adam Milasincic and Steve Mitby, retained Pines Bach, LLP to serve as local counsel and to seek dismissal of the case based on lack of diversity jurisdiction and other grounds. Lester Pines was the lead attorney from Pines Bach on Mills's case. The terms of the parties' engagement were set forth in a written agreement signed by both parties and are not in dispute. Dkt. 51-3.

At the time Mills engaged Pines Bach, Milasincic had already drafted a brief in support of a motion to dismiss Bou-Matic's complaint. Pines made some revisions to the brief and worked with Mills to gather evidence to show that his citizenship and primary residence were in Texas, not Colorado, as Bou-Matic had alleged. After the motion to dismiss was filed, Bou-Matic asked the court for permission to conduct jurisdictional discovery before responding to the motion. On Mills's behalf, Pines Bach did not oppose the motion, and the court entered an order allowing jurisdictional discovery.

The Bou-Matic plaintiffs then served written discovery demands on Mills that went beyond jurisdictional matters and sought information about the merits of the case. After Pines Bach objected to the merits-based discovery requests, Bou-Matic filed a motion to compel. Pines Bach responded—with no objection from Mills—by filing a motion for a protective order seeking a continued stay on non-jurisdictional discovery. In an order entered August 8, 2019,

the magistrate judge denied Mills's motion and allowed non-jurisdictional discovery to proceed, but noted that the parties should focus on completing the record on their jurisdictional dispute.

One of Mills's claims in this case is that Pines Bach did not depose Bou-Matic officers David Stockwell and John DeMonte quickly enough. But in an August 9, 2019, email to his lawyers, Mills wrote:

> Lester correctly wants to wait and take depositions after my deposition is taken in Houston on Jurisdictional matters. Lester has made it clear that my deposition is limited to just Jurisdiction and nothing else even though we are not limited in the depositions of the others . . .

Dkt. 51-4, at 4.

Bou-Matic deposed Mills on August 28, 2019. On September 11, 2019, Mills wrote to Pines indicating that he wanted to "push" on taking non-jurisdictional depositions of certain Bou-Matic witnesses, including Stockwell and DeMonte, noting that "the depos help us." *Id*. at 5.

Less than two weeks later, on September 23 and 24, 2019, Pines Bach issued notices and subpoenas for a series of depositions to be taken the week of October 15, including Stockwell and DeMonte. The Bou-Matic plaintiffs objected, but they did not file a motion for a protective order with the court until October 11, the Friday before the week the depositions were scheduled. Although this tactic resulted in a scolding from the magistrate judge and an award of $3,000 to Mills for fees and costs, it also resulted in the depositions being postponed. Stockwell and DeMonte were eventually deposed on October 28, 2019. Bou-Matic voluntarily dismissed the case the next day.

During their representation of Mills, Pines Bach's attorneys and paralegals entered their time spent on the case into an electronic billing system that posted the time to Mills's account.

3

Each month, the firm mailed him an invoice showing the amount due. The final itemized billing statement was sent to Mills on February 1, 2020, showing an amount due of $96,952.74. Pines Bach seeks to recover that amount, plus 12 percent interest as called for by the parties' agreement. In addition, it seeks an award of attorney fees of $10,000, which is the amount of the deductible that it paid to its malpractice carrier after Mills asserted a counterclaim for professional negligence, which he has since withdrawn.

ANALYSIS

**A. Liability**

Pines Bach asserts various causes of action, but its summary judgment motion addresses only breach of contract, so the court will do the same. To prove breach of contract, plaintiff must show (1) the existence of a contract between the plaintiff and the defendant; (2) breach of that contract; and (3) damages. *Pagoudis v. Keidl*, 2023 WI 27, ¶ 12, 406 Wis. 2d 542, 554, 988 N.W.2d 606, 612. Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

Mills concedes that he and Pines Bach entered into a written Engagement Agreement whereby Pines Bach agreed to represent him and act as his local counsel in the *Bou-Matic* case, and that he agreed to pay for their services at the rates set forth in the agreement. He further

4

concedes that Pines Bach performed legal services on his behalf, that the firm maintained contemporaneous billing records that documented the time that its attorneys and paralegals spent on particular tasks, that he received monthly invoices from Pines Bach, and that he hasn't paid his bill. All three elements of breach of contract are satisfied.

Nevertheless, Mills says Pines Bach isn't entitled to summary judgment because material disputes of fact exist concerning whether Pines Bach committed its own material breach of the contract. *See Entzminger v. Ford Motor Co.*, 47 Wis. 2d 751, 755, 177 NW. 2d 899, 902 (1970) (material breach by one party to a contract excuses subsequent performance by the other party). Specifically, Mills says that Pines Bach breached the agreement in two ways. First, he says the law firm took too long to schedule the depositions of Bou-Matic's officers, which he claims would have led to the case being dismissed earlier. According to Mills, he told Attorney Pines on numerous occasions that the depositions were critical because they would reveal information that would put pressure on Bou-Matic's principal, Kotts, to dismiss the case. Second, he says that one of Pines Bach's attorneys, Jordan Loeb, mishandled the depositions of Bou-Matic officers David Stockwell and John DeMonte. Mills claims that Loeb didn't adequately prepare for the depositions and wasn't familiar "with fundamental accounting and finance terminology." As a result of Loeb's "poor performance," says Mills, Loeb failed to obtain "valuable" information from the witnesses that would have helped Mills with related litigation between him and Kotts in Texas.

Mills doesn't identify any contract terms whereby Pines Bach promised that it would take depositions at certain times or obtain specific deposition testimony, much less that it would assist Mills with a different lawsuit outside the scope of the parties' agreement. His claim is only that Pines Bach didn't uphold its general obligation to represent him "professionally."

But in Wisconsin, a claim that a lawyer breached his duty of care to his client requires expert testimony, which Mills doesn't have.[1] *Kraft v. Steinhafel*, 2015 WI App 62, ¶ 12, 364 Wis. 2d 672, 681–82, 869 N.W.2d 506, 510; *DeThorne v. Bakken*, 196 Wis. 2d 713, 718, 539 N.W.2d 695 (Ct. App. 1995). An expert may not be required if the breach "is so obvious, apparent and undisputed that it may be determined by a court as a matter of law," or where specialized knowledge isn't required, *see DeThorne*, 196 Wis.2d at 718, 539 N.W.2d 695. But how a lawyer should prepare for and conduct a deposition or when those depositions should have been taken in this case are not matters within the ordinary knowledge of non-lawyers. Further, this is not a case of an "obvious, apparent and undisputed" breach. And in any event, Mills hasn't argued for either exception, so he has forfeited the argument. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (recognizing longstanding "rule that a person waives an argument by failing to make it before the district court").

Mills asserts only that he doesn't need an expert because he is asserting plaintiff's breach of contract as a defense rather than as an affirmative claim of legal malpractice. Dkt. 57, at 6. This argument is unpersuasive. As noted, Mills doesn't ground his breach of contract defense on any particular agreement between the parties; rather, his claim is that his lawyers breached their common law duty of care. Mills can't evade his obligation to provide expert testimony in support of that claim just by calling it "breach of contract" rather than legal malpractice. *See Doering v. Kaufman*, 213 Wis. 2d 123, 570 N.W.2d 253 (Ct. App. 1997) ("Doering's 'best interest' argument is basically a legal malpractice claim under a breach of contract theory") (unpublished disposition).

---

[1] Mills is a non-practicing attorney, but he didn't designate himself as an expert, nor did he or anyone else file an expert report as required by Fed. R. Civ. P. 26(a)(2).

For the sake of completeness, the court notes that even if expert testimony wasn't needed, Mills hasn't met his burden to produce evidence from which a jury could find in his favor. With respect to the timing of the Bou-Matic depositions, the undisputed facts show that the court did not permit non-jurisdictional discovery until August 8, 2019. Mills agreed with a strategy of waiting until after his own deposition, which was conducted on August 28, 2019. Less than a month later, Pines Bach noticed the Bou-Matic depositions for the week of October 15, 2019. No reasonable jury could conclude that waiting a mere six weeks after Mills's deposition to take the Bou-Matic depositions was incompetent, unprofessional, or fell below the standard of care. Mills's own personal opinion that Pines Bach should have "tried harder" to take the depositions earlier is not evidence of breach of contract.

Mills's complaints about Loeb's handling of two witness depositions likewise fail to raise more than a metaphysical doubt as to the material facts. Not only does Mills lack personal knowledge to testify about Loeb's preparation or understanding of financial terms, but the deposition transcripts flatly refute Mills's conclusory allegations about Loeb's preparedness. *See* Dkt. 51–7; Dkt. 51–8. In fact, the day after the depositions, Bou-Matic dismissed the case, suggesting that Loeb's efforts were highly effective. Mills asserts that he had additional "goals" for the depositions related to his case against Kotts in Texas, but he presents no evidence that he retained Pines Bach to represent him in the Texas litigation. And his clam that Loeb damaged him by "destroying" Mills's ability to obtain "valuable" evidence from the Bou-Matic witnesses to use in Texas is far too vague and speculative to meet Mills' burden to come forward with "specific facts" showing that there is a genuine issue for trial. *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010).

Finally, Mills attempts to introduce evidence that Attorney Pines "agreed to reduce the bill," which he says was "in consideration" for the firm's breaches. Dkt. 57, at 5. But evidence of compromise offers and negotiations are inadmissible for impeachment or to "prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408. So this court won't consider it.

In the end, Mills's "evidence" consists solely of his own personal dissatisfaction with his attorney's performance. This is not enough to establish that Pines Bach breached the contract or to defeat its motion for summary judgment. Mills is liable for breach of contract.

## B. Damages

Pines Bach seeks damages in the full amount of its outstanding legal fees, plus interest at an annual rate of 12 percent. Mills doesn't dispute any specific billing entries or the payment of interest, which is called for by the parties' Engagement Agreement. Dkt. 51-3, at 4. He says only that summary judgment is inappropriate on damages because of unidentified "complex valuation issues" and because offsets must be made for Pines Bach's breaches, which require "additional fact discovery and possibly expert testimony." Dkt. 57, at 6.

These arguments are frivolous. The court has found that Mills's allegations of breach fail for lack of proof. If Mills had other challenges to damages, he should have presented them. "Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020) (internal quotation marks omitted). Because Mills has no evidence disputing Pines Bach's claimed damages, the court will award damages to Pines Bach in the amount of its unpaid legal fees, $96,952.74, plus 12 percent simple interest at the rate of $31.87 per day, for a total of $139,180.49.

Pines Bach also seeks attorney's fees under the Engagement Agreement's default provision, which states: "Should we institute suit for collection for the amounts due us under the Agreement, you will also be responsible for our court costs and reasonable attorney's fees." Pines Bach seeks $10,000, the amount that it paid its liability insurance carrier as a deductible after the carrier retained counsel to defend against Mills's counterclaims for professional negligence and fraud, which Mills later withdrew. Dkt. 41. Pines Bach did not ask for any other attorney fees incurred in this action, Dkt. 62 at 13–14, so the court infers that Pines Bach is limiting its request to the $10,000 deductible.

Mills objects on the ground that Pines Bach has not submitted a copy of its malpractice insurance policy to support its claim for reimbursement of the deductible. But Mills has conceded that Pines Bach made this payment. Dkt. 59, ¶ 49. Moreover, based on this court's familiarity with fee awards in other cases and the amount of work spent by Pines Bach's attorney on this case, the court has no doubt that Pines Bach's total attorney fees paid to its original attorney to bring this case far exceed $10,000, apart from the amount paid its insurance carrier to defend against Mills's ill-advised malpractice counterclaim. Mills doesn't deny that Pines Bach would be entitled to its reasonable attorney fees and expenses under the terms of the parties' agreement. The court will award Pines Bach its expenses incurred in the amount of $10,000.

ORDER

IT IS ORDERED that:

1.  Plaintiff Pines Bach, LLC's motion for summary judgment, Dkt. 47, is GRANTED.

2.  The clerk shall enter judgment for plaintiff in the amount of $149,180.49 and close this case.

Entered October 17, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge